██ Kasowitz, Benson, Torres & Friedman, LLP, Respondent, v Shelly Cao, Appellant, et al., Defendant. [963 NYS2d 199]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered June 27, 2011, which denied the motion of defendant Shelly Cao to vacate a default judgment against her, unanimously reversed, on the law, without costs, and the motion granted to the extent of remanding the matter for a traverse hearing to determine whether the court had jurisdiction to render the default judgment.

Cao's sworn, nonconclusory claim that the building at which she was allegedly served was not her actual dwelling place or usual place of abode raised an issue of fact as to whether plaintiff validly served her with process pursuant to CPLR 308 (4) so as to vest the court with jurisdiction to render the default judgment. Accordingly, a traverse hearing must be held to determine whether Cao is entitled to relief from the judgment pursuant to CPLR 5015 (a) (4) (*see Cordova v Thessalonica Ct. Assoc.*, 35 AD3d 256 [1st Dept 2006]; *see also Finkelstein Newman Ferrara LLP v Manning*, 67 AD3d 538, 538-539 [1st Dept 2009]).

If, after the traverse hearing, the court finds that the summons was not affixed to Cao's dwelling place or usual place of abode, then it must grant that branch of Cao's motion seeking to vacate the default judgment pursuant to CPLR 5015 (a) (4) and dismiss the action. If, however, the court determines that service was proper under CPLR 308 (4), then it must make a factual determination as to whether Cao personally received notice of the summons in time to defend pursuant to CPLR 317. If the court finds that Cao did not personally receive notice of the summons in time to defend, then she would be entitled to relief pursuant to CPLR 317 because she moved to vacate the default judgment within a year after she obtained knowledge of entry of the judgment and because she established a potential meritori-

ous defense—namely, that she is not personally liable for the defendant corporation's unpaid legal fees (*see e.g. T.D. Bank, N.A. v Halcyon Jets, Inc.*, 99 AD3d 431 [1st Dept 2012]). Concur—Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.