■ CENTRAL MORTGAGE COMPANY, Respondent, v JAMES WARD, Appellant, et al., Defendants. [9 NYS3d 61]—

In an action to foreclose a mortgage, the defendant James Ward appeals from an order of the Supreme Court, Suffolk County (Santorelli, J.), entered February 6, 2014, which denied his motion, inter alia, pursuant to CPLR 317 and 5015 (a) (4) to vacate an order of the same court (Jones, Jr. J.), dated March 5, 2013, inter alia, granting the plaintiff's motion for leave to enter judgment on the complaint and appointing a referee, upon his failure to appear or answer the complaint, and for leave to serve a late answer.

Ordered that the order entered February 6, 2014, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the defendant James Ward was properly served with process pursuant to CPLR 308 (2), and for a new determination of his motion thereafter.

In this action to foreclose a mortgage, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter judgment on the complaint and the appointment of a referee upon the defendants' default in appearing in the action or answering the complaint. The defendant James Ward subsequently moved to vacate the order entered upon his default and to dismiss the complaint insofar as asserted against him on the ground that he had not been served with copies of the summons and complaint (*see* CPLR 5015 [a] [4]). Alternatively, Ward moved to vacate the order and for leave to serve a late answer (*see* CPLR 317). The Supreme Court denied Ward's motion, finding that service of process upon Ward was properly effected under CPLR 308 (2) and that, in any event, Ward did not have a meritorious defense to the action. Ward appeals.

The affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d 726, 726 [2013]; *Bank of N.Y. Mellon v Scura*, 102 AD3d 714, 715 [2013]). Nevertheless, in support of his motion to vacate the order entered upon his default, Ward submitted evidence rebutting the prima facie evidence of proper service. Specifically, in an affidavit, Ward asserted that he never lived at the Farmingville address at which the substituted service was allegedly effected,

but instead had lived in Freeport continuously since 2005. Thus, Ward denied that the address at which service was accomplished was his "actual . . . dwelling place or usual place of abode" as of the date of service (CPLR 308 [2]). Moreover, in opposition to the motion, the plaintiff conceded that Ward had resided at multiple residences during the six years prior to the commencement of the action and, thus, its submissions revealed a question of fact with respect to whether the Farmingville address was Ward's actual dwelling place or usual place of abode on the date service was allegedly effected. Inasmuch as the evidence submitted by Ward and the plaintiff was not dispositive of the issue whether service at that address was proper under CPLR 308 (2), a hearing should have been held (*see Sileo v Victor*, 104 AD3d 669, 670 [2013]; *Goralski v Nadzan*, 89 AD3d 801, 801-802 [2011]; *Engel v Boymelgreen*, 80 AD3d 653, 655 [2011]; *Zion v Peters*, 50 AD3d 894, 894-895 [2008]).

In the event that the Supreme Court determines that service was proper under CPLR 308 (2), it must then decide whether to grant Ward discretionary relief under CPLR 317 (*see Kasowitz, Benson, Torres & Friedman, LLP v Cao*, 105 AD3d 521, 521-522 [2013]). In making that determination, the court must determine whether Ward "did not personally receive notice of the summons in time to defend and has a [potentially] meritorious defense" (CPLR 317; *see Avila v Distinctive Dev. Co., LLC*, 120 AD3d 449, 451 [2014]; *cf. HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the issue of whether Ward was properly served under CPLR 308 (2), and for a new determination thereafter of Ward's motion (*see Kasowitz, Benson, Torres & Friedman, LLP v Cao*, 105 AD3d at 521-522; *Sileo v Victor*, 104 AD3d at 670). Balkin, J.P., Leventhal, Dickerson and Miller, JJ., concur.