■ US Bank National Association, as Trustee for CSMC ARMT 2006-3, 3476 State Blvd Fort Mill, SC 29715, Respondent, v Francisco Ramos et al., Appellants, et al., Defendants. [60 NYS3d 345]—

Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated December 15, 2015. The order, insofar as appealed from, denied, without a hearing, those branches of the motion of the defendants Francisco Ramos and Gabriella Medrano which were pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of that court dated November 10, 2014, entered upon their failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them.

Ordered that the order dated December 15, 2015, is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Francisco Ramos and Gabriella Medrano which were pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale dated November 10, 2014, insofar as entered against the defendant Gabriella Medrano upon her failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the defendant Gabriella Medrano was properly served with process pursuant to CPLR 308 (2) and, thereafter, a new determination of those branches of the motion of the defendants Francisco Ramos and Gabriella Medrano, and, if warranted, a determination of that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend its time to serve the defendant Gabriella Medrano.

The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Francisco Ramos and Gabriella Medrano (hereinafter together the defendants). According to the affidavits of service, Ramos was served with copies of the summons and complaint at his home, the mortgaged premises in Roosevelt (hereinafter the subject property), on March 11, 2009, by delivering a copy of the summons and complaint to "Alicea Ramos," referred to as his wife, and by the subsequent mailing of an additional copy of the summons and complaint to the same address, all pursuant to CPLR 308 (2). Medrano allegedly was served with copies of the summons and complaint at an address in New Hyde Park on March 10, 2009, by delivery of a copy of the summons and complaint to a person referred to as her sister, and by the subsequent mailing of an additional copy of the summons and complaint to the same address.

The defendants neither answered the complaint nor otherwise appeared in this action. On November 10, 2014, the Supreme Court entered a judgment of foreclosure and sale upon the defendants' default. On May 19, 2015, the subject property was sold at an auction to the plaintiff as the highest bidder. On July 21, 2015, the defendants moved, among other things, to vacate the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. On August 10, 2015, the plaintiff cross-moved, inter alia, pursuant to CPLR 306-b to extend its time

to serve the defendants in the event the court found that service was defective. In the order appealed from, the court denied those branches of the defendants' motion.

"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *see Washington Mut. Bank v Huggins*, 140 AD3d 858, 859 [2016]). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (*U.S. Bank, N.A. v Tauber*, 140 AD3d 1154, 1155 [2016] [citation omitted]; *see Bank of Am., N.A. v Tobing*, 145 AD3d 941, 942 [2016]; *Machovec v Svoboda*, 120 AD3d 772, 773 [2014]).

Here, the affidavits of the plaintiff's process server constituted prima facie evidence that the defendants were properly served pursuant to CPLR 308 (2) (*see Central Mtge. Co. v Ward*, 127 AD3d 803, 803 [2015]; *Roberts v Anka*, 45 AD3d 752, 753-754 [2007]). Contrary to the defendants' contention, their submissions failed to rebut the presumption of proper service arising from the process server's affidavit as to service upon Ramos. While the defendants and a neighbor, in sworn affidavits, denied knowledge of a person named "Alicea Ramos," and asserted that the defendants were the only adults living at the subject property, they did not rebut the sworn allegation of the process server that a person fitting the physical description of "Alicea Ramos" was present at the subject property at the time and accepted service on behalf of Ramos (*see Washington Mut. Bank v Huggins*, 140 AD3d at 859; *Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]; *cf. Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]). Thus, a hearing to determine the validity of service of process upon Ramos was not warranted.

Medrano, however, demonstrated her entitlement to a hearing on the issue of service. Medrano's sworn denial that she resided at the premises in New Hyde Park where service upon her allegedly was made, combined with evidence supporting such claim, was sufficient to rebut the presumption of proper service (*see U.S. Bank, N.A. v Tauber*, 140 AD3d at 1155; *Central Mtge. Co. v Ward*, 127 AD3d at 803-804; *Lazarre v Davis*, 109 AD3d 968, 969 [2013]; *Goralski v Nadzan*, 89 AD3d 801, 801 [2011]). Inasmuch as neither the evidence submitted by the defendants nor the evidence relied upon by the plaintiff

is dispositive on the issue of whether service on Medrano at the address in New Hyde Park was proper under CPLR 308 (2), a hearing is warranted. Thus, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether Medrano was properly served and, thereafter, for a new determination of those branches of the defendants' motion which were to vacate her default and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction (*see U.S. Bank, N.A. v Tauber*, 140 AD3d at 1156; *Goralski v Nadzan*, 89 AD3d at 802), and, if warranted, a determination of that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend its time to serve Medrano. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.