2004 McDonald Ave. Corp. v KGYM Holdings Group, Inc. (2018 NY Slip Op 06508)





2004 McDonald Ave. Corp. v KGYM Holdings Group, Inc.


2018 NY Slip Op 06508


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-11118
 (Index No. 1725/10)

[*1]2004 McDonald Avenue Corp., respondent, 
v
KGYM Holdings Group, Inc., et al., defendants, Yehuda Fulda, et al., appellants.


Katz & Rychik P.C., New York, NY (Abe M. Rychik and Adam D. Kraman of counsel), for appellants.
The Price Law Firm, LLC, New York, NY (Joshua C. Price and Heather Ticotin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a lease, the defendants Yehuda Fulda and Channa Grundman appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated September 15, 2016. The order denied those defendants' motion pursuant to CPLR 5015(a)(4) to vacate so much of a judgment of the same court entered December 19, 2013, as was in favor of the plaintiff and against them in the principal sum of $676,928.23, upon their alleged failure to appear or answer the complaint, and thereupon, to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Yehuda Fulda and Channa Grundman to vacate so much of the judgment entered December 19, 2013, as was in favor of the plaintiff and against them in the principal sum of $676,928.23, and thereupon, to dismiss the complaint insofar as asserted against them is granted.
The plaintiff landlord commenced this action to recover damages for breach of a lease by filing a summons and complaint in January 2010. The plaintiff sought to recover from the defendants Yehuda Fulda and Channa Grundman (hereinafter together the defendants) the principal sum of $676,928.23, pursuant to their limited guaranty of the obligations of the defendant KGYM Holdings Group, Inc., for payment of rent. The limited guaranty was executed in 2007, and stated that the defendants resided in Israel and that their office address was 1800 Coney Island Avenue, Brooklyn. A process server attempted to serve the summons and complaint on the defendants in February 2010 at that Coney Island Avenue address, and indicated, in his affidavits of due diligence, that the defendants were "unknown" at that address.
The defendants did not appear in the action. By letters dated February 10, 2011, however, the defendants each notified the plaintiff's counsel of their address in Israel.
In March 2012, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants, among others. The motion was served upon the defendants at 155 Water Street, Brooklyn, one of the addresses the defendants identified as an incorrect address in their letters [*2]dated February 10, 2011. In support of its motion, the plaintiff attached the process server's affidavits of due diligence stating that he was unable to serve the defendants at the Coney Island Avenue address. The Supreme Court entered a default judgment against the defendants on December 19, 2013.
In March 2015, the plaintiff garnished Fulda's accounts held by Bank of America and JPMorgan Chase. In March 2016, the defendants moved to vacate the default judgment entered against them, on the ground that they were never served, and thereupon, to dismiss the complaint insofar as asserted against them. In opposition, the plaintiff argued that the requirement to serve the defendants with process was satisfied, because the process server exercised due diligence in attempting to serve the defendants at 1800 Coney Island Avenue, which was an address listed in their personal guaranty. In the order appealed from, the Supreme Court denied the defendants' motion on the basis that their letters dated February 10, 2011, indicated that they had notice of the action, and nevertheless failed to appear or move earlier to vacate the default judgment against them.
CPLR 317 applies where a defendant was served by means other than personal delivery, did not receive notice of the action, and has a potentially meritorious defense (see Booso v Tausik Bros. LLC., 148 AD3d 1108). Here, the defendants claimed they were never served. Therefore, they sought to vacate the default judgment against them pursuant to CPLR 5015(a)(4) for lack of personal jurisdiction. On this point, the affidavit of service of a process server generally constitutes prima facie evidence of proper service (see US Bank N.A. v Ramos, 153 AD3d 882; Central Mtge. Co. v Ward, 127 AD3d 803). In this case, however, the process server submitted affidavits of exercising due diligence to attempt service, not affidavits of service.
If service is not made, the default judgment is a nullity (see Ariowitsch v Johnson, 114 AD2d 184). If a defendant is not served, "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (Feinstein v Bergner, 48 NY2d 234, 241).
Since the defendants were not served, the defendants' motion to vacate so much of the judgment entered December 19, 2013, as was in favor of the plaintiff and against them in the principal sum of $676,928.23, and to dismiss the complaint insofar as asserted against them should have been granted.
The plaintiff's remaining contentions need not be addressed in light of our determination.
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court