Deutsche Bank Natl. Trust Co. v Galloway (2019 NY Slip Op 00854)





Deutsche Bank Natl. Trust Co. v Galloway


2019 NY Slip Op 00854


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-06122
 (Index No. 32684/11)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Milton D. Galloway, appellant.


Milton D. Galloway, North Babylon, NY, appellant pro se.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 31, 2016. The order denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendant in this mortgage foreclosure action moved pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered upon his failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint, on the ground that he was not properly served. The Supreme Court denied the defendant's motion without a hearing. The defendant appeals.
We agree with the Supreme Court's determination to deny, without a hearing, the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale entered upon his failure to appear or answer, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The process server's affidavit constituted prima facie evidence of proper service, and the defendant's allegations were insufficient to refute the content of the process server's affidavit. In his affidavits, the defendant did not deny that a person matching the description in the affidavit of service was present at the time of service (see US Bank N.A. v Ramos, 153 AD3d 882, 884). Further, the defendant did not deny that the address of service was his usual place of abode or his last known residence on the date service was effectuated (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942).
Under the circumstances here, the defendant's sworn statement that he did not maintain a residence at the address at which the papers were delivered and that the person described in the affidavit of service did not match his wife's physical description was insufficient to rebut the prima facie evidence of substitute service (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 718; US Bank N.A. v Ramos, 153 AD3d 882, 884; Washington Mut. Bank v Huggins, 140 AD3d 858, 859).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court