Board of Mgrs. of Oceana Condominium No. Two v Medianik (2019 NY Slip Op 01734)





Board of Mgrs. of Oceana Condominium No. Two v Medianik


2019 NY Slip Op 01734


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-08520
 (Index No. 6333/12)

[*1]Board of Managers of Oceana Condominium No. Two, appellant, 
v
Helen Medianik, respondent, et al., defendants.


Korenblit & Vasserman, PLLC, Brooklyn, NY (Irine Korenblit of counsel), for appellant.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a lien upon a condominium unit for nonpayment of common charges, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated June 2, 2017. The order, insofar as appealed from, without a hearing, granted the motion of the defendant Helen Medianik pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated May 13, 2014, entered upon her default in appearing or answering the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant Helen Medianik was properly served pursuant to CPLR 308(2), and for a new determination thereafter of her motion to vacate the judgment of foreclosure and sale.
On March 22, 2012, the plaintiff commenced this action to foreclose, for nonpayment of common charges, a lien it held upon a condominium unit owned by the defendant Helen Medianik (hereinafter the defendant). According to the affidavit of service, the defendant was served with copies of the summons and complaint at her place of residence, the liened premises, by delivery of the summons and complaint upon a person of suitable age and discretion, and by the subsequent mailing of an additional copy of the summons and complaint to the same address. The defendant neither answered the complaint nor appeared in this action.
Upon the defendant's default, the Supreme Court entered a judgment of foreclosure and sale dated May 13, 2014. By order to show cause dated July 27, 2016, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, on the ground that she was never served with process in this action. The court granted the defendant's motion without conducting a hearing. The plaintiff appeals.
"To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant [*2]must overcome the presumption raised by the process server's affidavit of service" (HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; Machovec v Svoboda, 120 AD3d 772, 773). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [citations omitted]; see Engel v Boymelgreen, 80 AD3d 653; Associates First Capital Corp. v Wiggins, 75 AD3d 614; City of New York v Miller, 72 AD3d 726).
Although the documentary evidence submitted by the defendant was inconclusive, she nevertheless rebutted the presumption of valid service arising from the process server's affidavit by the submission of her specific, factually detailed, sworn affidavit denying that the liened premises was her actual dwelling place or usual place of abode on the date of service (see Kasowitz, Benson, Torres & Friedman, LLP v Cao, 105 AD3d 521, 521; Goralski v Nadzan, 89 AD3d 801, 801-802; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016). However, since the evidence submitted was not dispositive of the issue of whether service was proper under CPLR 308(2), the Supreme Court should not have determined the defendant's motion without first conducting a hearing (see US Bank N.A. v Ramos, 153 AD3d 882, 884-885; Sileo v Victor, 104 AD3d 669, 670; Dime Sav. Bank of N.Y. v Steinman, 206 AD2d 404, 405). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendant was properly served, and thereafter a new determination of the defendant's motion.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court