Nationstar Mtge., LLC v Gayle (2021 NY Slip Op 08193)





Nationstar Mtge., LLC v Gayle


2021 NY Slip Op 08193


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-11553
 (Index No. 505483/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Byron Gayle, appellant, et al., defendants.


Chidi Eze, Brooklyn, NY, for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Byron Gayle appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 27, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Byron Gayle (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Brooklyn. The defendant failed to appear or answer the complaint. In an order dated August 24, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to compute the amount due on the mortgage loan. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale.
In May 2017, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order of reference dated August 24, 2016, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and failure to comply with RPAPL 1304, and, alternatively, for leave to interpose a late answer. On June 15, 2017, the Supreme Court granted the plaintiff's motion and issued a judgment of foreclosure and sale. The plaintiff then opposed the defendant's motion. In an order dated March 27, 2018, the court denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, but granted that branch of the defendant's motion which was to vacate the order of reference. The court vacated the order of reference dated August 24, 2016, and the judgment of foreclosure and sale, and granted the defendant leave to interpose a late answer. The defendant appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 883; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). CPLR 308(2) authorizes service, inter alia, by delivery of the summons and complaint within the state to a person of suitable [*2]age and discretion at the defendant's dwelling place or usual place of abode (see CPLR 308[2]). "'[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void'" (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889, quoting McMullen v Arnone, 79 AD2d 496, 499).
Contrary to the defendant's contention, his submissions in support of his motion were not dispositive of the issue of whether he was properly served pursuant to CPLR 308(2) (see Board of Mgrs. of Oceana Condominium No. Two v Medianik, 170 AD3d 793, 794; US Bank N.A. v Ramos, 153 AD3d 882, 884-885). We note that the defendant specifically contends that a hearing on the issue of service of process is not required. The Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
We do not address the defendant's contention that the complaint should have been dismissed insofar as asserted against him based on the plaintiff's alleged failure to comply with RPAPL 1304. The Supreme Court did not address that branch of the defendant's motion and, therefore, it remains pending and undecided (see Joseph v Kelly, 178 AD3d 1028, 1030; Katz v Katz, 68 AD2d 536, 542-543).
The plaintiff's remaining contention is improperly raised for the first time on appeal (see Citimortgage, Inc. v Borek, 171 AD3d 848, 851).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court