Berganza v Pecora (2021 NY Slip Op 01382)





Berganza v Pecora


2021 NY Slip Op 01382


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2016-03310
 (Index No. 16341/12)

[*1]Vilma Berganza, etc., respondent,
v
Janet Pecora, appellant.


Pardalis & Nohavicka, LLP, New York, NY (Gregory A. Nahas of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, for a judgment declaring deeds to certain real property to be void, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered February 16, 2016. The order and judgment, upon an order of the same court entered June 17, 2015, granting the plaintiff's motion for leave to enter a default judgment and denying that branch of the defendant's cross motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate her default in appearing or answering the amended complaint, inter alia, declared the deeds void.
ORDERED that the order and judgment is affirmed, with costs.
In August 2012, the plaintiff commenced this action seeking, inter alia, a judgment declaring that deeds conveying certain real property to the defendant were void. Thereafter, the plaintiff amended her complaint and, on December 26, 2013, the defendant allegedly was served, pursuant to CPLR 308(2), by delivering a copy of the amended verified complaint to a person of suitable age and discretion at the defendant's residence located on Pirate's Cove, in Massapequa. The defendant failed to appear or answer the amended verified complaint. The plaintiff moved for leave to enter a default judgment against the defendant and the defendant cross-moved, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate her default in appearing or answering the amended verified complaint. In an order entered June 17, 2015, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's cross motion. In an order and judgment entered February 16, 2016, the court, among other things, declared the deeds void. The defendant appeals.
"A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 747). "'Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (Wells Fargo Bank, NA v Tobing, 175 AD3d at 747, quoting HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663 [internal quotation marks omitted]). However, "[a] sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 776-777; see Wells Fargo Bank, NA v Tobing, 175 AD3d at 747).
Here, the affidavit of the plaintiff's process server constituted prima facie evidence [*2]that the defendant was properly served pursuant to CPLR 308(2) (see US Bank N.A. v Ramos, 153 AD3d 882, 884; Central Mtge. Co. v Ward, 127 AD3d 803, 803). Contrary to the defendant's contention, her affidavit failed to rebut the presumption of proper service arising from the process server's affidavit as to service upon her. While the defendant stated in her affidavit that she was not a resident of either the residence on Pirate's Cove or of New York State, she did not deny being a resident of Pirate's Cove at the time of service, nor did she rebut the process server's sworn allegation that a person fitting the physical description of "John Doe" was present at the subject property at the time and accepted service on her behalf (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; US Bank N.A. v Ramos, 153 AD3d at 884).
A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612, quoting Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890). In this case, the defendant failed to establish a reasonable excuse for her default, since the only excuse she proffered was that she was not properly served with process (see Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 765; Reich v Redley, 96 AD3d 1038; Pezolano v Incorporated City of Glen Cove, 71 AD3d 970, 971). Since the defendant failed to establish a reasonable excuse for her default, it is unnecessary to consider whether she had a meritorious defense to the action (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863-864).
The defendant's remaining contentions are without merit.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court