JPMorgan Chase Bank, N.A. v Fischer (2021 NY Slip Op 03313)





JPMorgan Chase Bank, N.A. v Fischer


2021 NY Slip Op 03313


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-12633
 (Index No. 71915/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Rebecca Wells Fischer, etc., et al., appellants, et al., defendants.


Andrew D. Brodnick, Rye Brook, NY, for appellants.
Cohn & Roth, LLC, Mineola, NY (Michael C. Nayar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rebecca Wells Fischer, Debra R. Fischer Erling, Mark J. Fischer, Samantha Fischer, and Shane Fischer appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Sam D. Walker, J.), dated October 10, 2017. The judgment of foreclosure and sale, upon a decision of the same court dated March 27, 2017, made after a nonjury trial, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In a note dated June 6, 2003, John Carl Fischer borrowed $625,000 from nonparty Washington Mutual Bank, FA (hereinafter WaMu). Fischer borrowed another $106,022.71 from WaMu in a note dated December 22, 2003. A consolidated note for a total of $728,000 was issued on December 22, 2003. To secure the notes, WaMu was given a mortgage on real property located in South Salem. John Carl Fischer died on February 14, 2005. In a purported modification agreement between WaMu and John Carl Fischer dated June 6, 2008 (hereinafter the 2008 modification agreement), John Carl Fischer purported to acknowledge that the outstanding balance on the notes was $768,980.49.
On December 15, 2014, the plaintiff, WaMu's successor in interest, commenced this action to foreclose the mortgage against, among others, Rebecca Wells Fischer, Debra R. Fischer Erling, Mark J. Fischer, Samantha Fischer, and Shane Fischer (hereinafter collectively the Fischers), all as heirs at law and next of kin to John Carl Fischer.
The action proceeded to a nonjury trial. In a decision dated March 27, 2017, the Supreme Court determined that the plaintiff established its standing by attaching the properly endorsed notes to the complaint. The court found that U.S. Bank Trust, N.A. (hereinafter U.S. Bank), which was assigned the notes and mortgage from the plaintiff during the pendency of this action, was permitted to continue prosecuting the action in the plaintiff's name. Although the signature of John Carl Fischer was forged on the 2008 modification agreement, the court determined that, by continuing to make mortgage payments for four years after John Carl Fischer's death, the Fischers ratified the notes, the mortgage, and the 2008 modification agreement. The court determined that the plaintiff established its entitlement to a judgment of foreclosure and sale.
In a judgment of foreclosure and sale dated October 10, 2017, the Supreme Court [*2]substituted U.S. Bank as the plaintiff and directed the sale of the subject property. The Fischers appeal.
The Supreme Court properly found that the plaintiff established its standing to maintain the mortgage foreclosure action by attaching both of the original notes and the consolidated note to the complaint. All three notes contain endorsements in blank from the original lender, WaMu (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). Contrary to the Fischers' contention, the fact that the plaintiff subsequently assigned the notes and mortgage to U.S. Bank did not deprive the plaintiff of standing, since U.S. Bank may continue the action in the plaintiff's name in the absence of a formal substitution (see CPLR 1018; Lincoln Sav. Bank, FSB v Wynn, 7 AD3d 760, 761). Moreover, the court made the formal substitution in the judgment of foreclosure and sale. The Fischers' argument that a power of attorney agreement between U.S. Bank and its own loan servicer deprived the plaintiff of standing is without merit.
The Supreme Court properly determined that, by continuing to make the payments on the mortgage following John Carl Fischer's death and following the forged 2008 modification agreement, the Fischers ratified the mortgage and the modification agreement, and thus "waived all claims sounding in fraud" (Moweta v Citywide Home Improvements of Queens, 267 AD2d 438, 439). The plaintiff submitted evidence showing that the mortgage payments were made until 2009—four years after John Carl Fischer's death and one year after the purported modification agreement. Indeed, Mark Fischer admitted that he continued to make payments on the mortgage for three years after his father died.
Accordingly, we affirm the judgment of foreclosure and sale.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court