U.S. Bank Trust, N.A. v Catalano (2023 NY Slip Op 02139)

U.S. Bank Trust, N.A. v Catalano

2023 NY Slip Op 02139

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-02147
2020-02148
 (Index No. 6907/16)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Gregg Catalano, etc., appellant, et al, defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Stern & Eisenberg, P.C., Depew, NY (Stacey A. Weisblatt-Knipp of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gregg Catalano appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 9, 2019, and (2) an order of the same court entered September 25, 2019. The order entered September 9, 2019, denied that defendant's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered January 25, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order entered September 25, 2019, denied that defendant's motion to stay the foreclosure sale of the subject property.
ORDERED that the orders are affirmed, with one bill of costs.
In April 2005, the defendant Gregg Catalano (hereinafter the defendant) executed a note in the sum of $480,000 in favor of Washington Mutual Bank, FA, which was secured by a mortgage on certain real property located in Syosset (hereinafter the property). In September 2016, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. According to an affidavit of service, the defendant was served with the summons and complaint on September 24, 2016, pursuant to CPLR 308(2) by delivery of a copy of the summons and complaint to the defendant's ex-wife, Debra Catalano, at the property, followed by the mailing of a copy of the summons and complaint to the defendant at the property. The defendant failed to answer the complaint. In an order dated August 2, 2017, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. On January 25, 2018, the court entered an order and judgment of foreclosure and sale.
Thereafter, in June 2019, the defendant moved, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The defendant also separately moved to stay the foreclosure sale of the property. In an order entered September 9, 2019, the Supreme Court denied the defendant's motion, in effect, to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him. [*2]In an order entered September 25, 2019, the court denied the defendant's motion to stay the foreclosure sale of the property. The defendant appeals.
"A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (id.).
Here, the affidavit of the plaintiff's process server constituted prima facie evidence that the defendant was properly served pursuant to CPLR 308(2) (see Unifund CCR, LLC v Valvis, 207 AD3d 594, 595; Berganza v Pecora, 192 AD3d 743, 744). Contrary to the defendant's contention, his affidavit was insufficient to rebut the presumption of proper service arising from the process server's affidavit of service. While the defendant asserted that he "did not reside" at the property, he did not specifically deny having resided at the property on the date Debra Catalano accepted service on his behalf (see Berganza v Pecora, 192 AD3d at 744-745; Shannon v Ifemesia, 166 AD3d 699, 700).
Accordingly, the Supreme Court properly denied the defendant's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court