Bayview Loan Servicing, LLC v Ashkenazi (2024 NY Slip Op 06576)

Bayview Loan Servicing, LLC v Ashkenazi

2024 NY Slip Op 06576

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-00119
 (Index No. 17597/12)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Moshe Ashkenazi, appellant, et al., defendants.

Gutman Weiss, P.C., Brooklyn, NY (Yakov Medinets and Marc Illish of counsel), for appellant.
Houser LLP, New York, NY (Zachary A. Victor and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Moshe Ashkenazi appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 16, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
JPMorgan Chase Bank, National Association (hereinafter JPMorgan), as successor by merger to Washington Mutual Bank, FA (hereinafter Washington Mutual), commenced this action to foreclose a mortgage given by the defendant Moshe Ashkenazi (hereinafter the defendant), encumbering certain real property located in Brooklyn. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, contending, among other things, that dismissal was warranted pursuant to CPLR 3211(a)(3) and (8). The Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground . . . that the court has not jurisdiction of the person of the defendant" (CPLR 3211[a][8]). "The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over a defendant was obtained" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988).
Here, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendant pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction (see Deutsche Bank Natl. Trust Co. v Moses, 223 AD3d 784, 785; City of New York v Miller, 72 AD3d 726, 727). The affidavits of the process server attesting that service was effectuated upon the defendant by delivery of a copy of the summons and complaint to a person of suitable age and discretion at the subject premises and by mailing a copy of the summons and complaint to the defendant to that same address constituted prima facie evidence of proper service pursuant to CPLR 308(2) (see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 994). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a [*2]process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (City of New York v Miller, 72 AD3d at 727). Here, "the defendant never denied the specific facts contained in the process server's affidavits" (Tikvah Enters., LLC v Neuman, 80 AD3d 748, 749; see U.S. Bank, N.A. v Knight, 227 AD3d 1035, 1036; U.S. Bank Trust, N.A. v Catalano, 215 AD3d at 994).
"A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902, 904-905 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; JPMorgan Chase Bank, N.A. v Newton, 203 AD3d at 904-905).
Here, the plaintiff established JPMorgan's standing by demonstrating that a copy of the note, endorsed in blank, was attached to the complaint (see JPMorgan Chase Bank, N.A. v Newton, 203 AD3d at 905; U.S. Bank N.A. v Dorns, 193 AD3d 903, 905). Additionally, the plaintiff "submitted evidence establishing that, in 2008, after Washington Mutual had entered receivership with the [Federal Deposit Insurance Corporation], JPMorgan and the [Federal Deposit Insurance Corporation] entered into a purchase and assumption agreement pursuant to which JPMorgan acquired all of Washington Mutual's loans and loan commitments" (Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d 1246, 1248-1249; see JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 757-758; Wells Fargo Bank, NA v Fortmeyer, 154 AD3d 998, 999; JP Morgan Chase Bank, N.A. v Schott, 130 AD3d 875, 875). "Since JPMorgan acquired the subject loan pursuant to the purchase and assumption agreement as of September 25, 2008, which was prior to the commencement of this action in [August 2012], [the plaintiff] established [JPMorgan's] standing to maintain the action" (Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d at 1248; see Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1034; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d at 757-758). Furthermore, the postcommencement transfer of the note and mortgage to the plaintiff did not divest JPMorgan of its standing (see CPLR 1018; JPMorgan Chase Bank, N.A. v Esparza, 213 AD3d 655, 657; JPMorgan Chase Bank, N.A. v Fischer, 194 AD3d 1031, 1032; Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d at 1248).
Accordingly, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendant pursuant to CPLR 3211(a)(3).
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court