Harvey v Usukumah (2025 NY Slip Op 03050)

Harvey v Usukumah

2025 NY Slip Op 03050

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-07905
 (Index No. 712860/22)

[*1]Jennifer Harvey, appellant, 
v
Pamela Bassey Usukumah, etc., et al., respondents.

Heslop & Dominique, Brooklyn, NY (Garfield A. Heslop of counsel), for appellant.
Baker Leshko Saline & Drapeau, White Plains, NY (Mitchell J. Baker of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered May 26, 2023. The order, after a hearing to determine the validity of service of process, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff commenced this action against the defendants, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property located in Jamaica, Queens. According to affidavits of service, the defendants were served by delivery of the summons and complaint to a person of suitable age and discretion, identified as "AUNT," at a residence located in Scarsdale (hereinafter the premises), followed by the required mailing to the same address.
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint, arguing, among other things, that they were not properly served with process. In support of their motion, the defendants submitted an affidavit of Comfort Oyibonanu Usukumah (hereinafter the
defendants' mother), in which she averred that she was the defendants' mother and that she resided at the premises. The defendants' mother further averred that she had not been given the summons and complaint by a process server. Rather, the defendants' mother asserted that she found papers that appeared to be of a legal nature lying on the ground in front of her front door. The plaintiff opposed the motion, arguing, inter alia, that the denial of service did not rebut the presumption of proper service created by the process server's affidavits.
After a hearing to determine the validity of service of process, in an order entered May 26, 2023, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The court determined that the plaintiff failed to establish that the defendants were properly served. The plaintiff appeals.
As an initial matter, contrary to the defendants' contention, the issue of whether they sufficiently rebutted the presumption of proper service established by the process server's affidavits [*2]so as to warrant a hearing is properly before this Court. "[A]n appeal from an order granting a motion to dismiss based upon lack of personal jurisdiction—issued after a hearing—also brings up for review the issue of whether a hearing was necessary to determine the motion" (OneWest Bank FSB v Perla, 200 AD3d 1052, 1054; see Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d 654, 655).
"A court lacks personal jurisdiction over a defendant who is not properly served with process" (Matter of Lester Korinman Kamran & Masini, P.C. v Davis, 227 AD3d 906, 907; see Pil Yong Yoo v Good Clean Fun, 222 AD3d 793, 794). "'A process server's affidavit of service constitutes prima facie evidence of proper service'" (US Bank N.A. v Meyer, 229 AD3d 836, 837, quoting Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d 758, 759 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993-994; Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "To warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d at 760 [brackets and internal quotation marks omitted]; see Washington Mut. Bank v Huggins, 140 AD3d at 859).
Here, the process server's affidavits constituted prima facie evidence that the defendants were properly served pursuant to CPLR 308(2) (see US Bank N.A. v Meyer, 229 AD3d at 838; U.S. Bank Trust, N.A. v Catalano, 215 AD3d at 993). Contrary to the defendants' contention, the defendants' mother's affidavit was insufficient to rebut the presumption arising from the process server's affidavits because it was conclusory and not substantiated by specific facts (see U.S. Bank Trust, N.A. v Catalano, 215 AD3d at 994; cf. Matter of Rockman v Nassau County Sheriff's Dept., 224 AD3d at 760). The defendants' mother's conclusory averment that she did not receive service was insufficient to rebut the statement in the process server's affidavits that an "AUNT" had accepted service. Furthermore, the defendants' mother did not assert that there was no one else present at the premises who could have accepted service.
Therefore, because the defendants' mother's affidavit was insufficient to rebut the presumption of proper service, a hearing was not warranted (see OneWest Bank FSB v Perla, 200
AD3d at 1056). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint (see see OneWest Bank FSB v Perla, 200 AD3d at 1056).
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court