Nationstar Mtge., LLC v Cohen (2020 NY Slip Op 04312)





Nationstar Mtge., LLC v Cohen


2020 NY Slip Op 04312


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-01072 
2019-01073
 (Index No. 4826/09)

[*1]Nationstar Mortgage, LLC, plaintiff,
v
Avi Cohen, et al., respondents, et al., defendants; Citimortgage, Inc., nonparty-appellant.


Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for nonparty-appellant.
Wenig Saltiel LLP, Brooklyn, NY (Dan M. Blumenthal of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Citimortgage, Inc., appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 9, 2018, and (2) a decision of the same court (Derefim Neckles, Ct. Atty. Ref.), dated November 29, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendants Avi Cohen and Simone Cohen which were pursuant to CPLR 5015(a)(4) to vacate an amended judgment of foreclosure and sale of the same court (Mark I. Partnow, J.) dated October 5, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction to the extent of directing a hearing.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Const. Corp., 100 AD2d 509); and it is further,
ORDERED that on the Court's own motion, the nonparty-appellant's notice of appeal from the order granting those branches of the motion of the defendants Avi Cohen and Simone Cohen which were pursuant to CPLR 5015(a)(4) to vacate the amended judgment of foreclosure and sale dated October 5, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction to the extent of directing a hearing is deemed to be an application for leave to appeal from the order, and leave to appeal from the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Avi Cohen and Simone Cohen which were pursuant to CPLR 5015(a)(4) to vacate the amended judgment of foreclosure and sale dated October 5, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction are denied; and it is further,
ORDERED that one bill of costs is awarded to the nonparty-appellant.
In February 2009, the plaintiff's predecessor in interest, nonparty Citimortgage, Inc., [*2]commenced this action to foreclose a mortgage against the defendants Avi Cohen and Simone Cohen (hereinafter together the defendants), among others, encumbering certain property in Brooklyn. The defendant Simone Cohen was allegedly served at the mortgaged premises pursuant to CPLR 308(1) and the defendant Avi Cohen was allegedly served pursuant to CPLR 308(2), and the defendants failed to answer the complaint or appear in the action. The Supreme Court entered an amended judgment of foreclosure and sale dated October 5, 2017, on default, inter alia, directing the sale of the subject property.
By order to show cause dated August 14, 2018, the defendants moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the amended judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order dated October 9, 2018, the Supreme Court granted the motion to the extent of directing a hearing to determine the validity of service of process. After that hearing, in a decision dated November 29, 2018, the Court Attorney Referee determined that the plaintiff failed to establish that service was effectuated upon the defendants.
The affidavit of a process server constituted prima facie evidence of proper service (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see HSBC Bank USA v Archer, 173 AD3d 984, 985; HSBC Bank USA, N.A. v Whitter, 159 AD3d at 945). A sworn denial of receipt of service containing "detailed and specific contradiction of the allegations in the process server's affidavit" may defeat the presumption of proper service (Machovec v Svoboda, 120 AD3d 772, 773; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777).
Here, the affidavit of service contained sworn allegations reciting that service was made upon Simone Cohen at 4:48 p.m. on March 3, 2009, by delivering to her the summons, complaint, and notice required by RPAPL 1303 at the subject property. The affidavit of service included a description of Simone Cohen. Another affidavit of service of the same process server contained sworn allegations reciting that service was made upon Avi Cohen by delivering a copy of the relevant papers to "SIMONE COHEN (WIFE)," a person of suitable age and discretion, at 4:48 p.m. on March 3, 2009, at the subject property, "[s]aid premises being the Defendant's dwelling place within the State of New York," and described Simone Cohen as above. The process server further averred that on March 4, 2009, he mailed those documents to Avi Cohen at the address of the subject property "by depositing a true copy of the same in a postpaid, properly addressed envelope in a[n] official depository under the exclusive care and custody of the United States post office." Two additional affidavits of service recited that on March 4, 2009, copies of the summons were mailed to each defendant at the subject property.
Contrary to the determination of the Supreme Court, the defendants' submissions failed to rebut the affidavit of service, since they stated only that Simone Cohen could not have been present at the time of the alleged service since she picked up her children from school every Tuesday and that she could not have understood or answered the process server's questions or understood the import of the legal papers since she was not proficient in English. The defendants' conclusory and unsubstantiated submissions did not rebut the sworn allegation that a person fitting the physical description of Simone Cohen was present at the residence at the time and accepted service (see Washington Mut. Bank v Huggins, 140 AD3d 858). Moreover, Avi Cohen did not deny that he received the papers in the mail and thus did not overcome the inference of proper mailing that arose from the affidavit of service (see id.).
Finally, there no merit to the contention that Simone Cohen was not a person of suitable age and discretion for the purpose of receiving process based upon the unsubstantiated and self-serving claim that she was not proficient in English (see e.g. Ralph C. Sutro Co. v Valenzuela, 113 AD2d 793, 794; Nuez v Diaz, 101 Misc 2d 399 [Sup Ct, Monroe County]). Accordingly, since a hearing to determine the validity of service of process was not warranted under the circumstances of this case, the order directing that hearing must be reversed.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court