Deutsche Bank Natl. Trust Co. v Patisso (2021 NY Slip Op 02273)





Deutsche Bank Natl. Trust Co. v Patisso


2021 NY Slip Op 02273


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-01604
 (Index No. 600790/16)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Matteo Patisso, appellant, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY (Ryan Blitz of counsel), for appellant.
RAS Boriskin, LLC (Samantha Sandler and Greenberg Traurig, LLP, New York, NY [Steven Lazar and Patrick G. Broderick], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Matteo Patisso appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered January 28, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated May 22, 2018, denying that defendant's motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court dated April 25, 2017, entered upon his default in answering the complaint, and upon an order of the same court dated January 7, 2019, among other things, denying his cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, among other things, directed the sale of the subject property. The notice of appeal from the order dated January 7, 2019, is deemed to be a notice of appeal from the order and judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In approximately January 2016, the plaintiff commenced this action against the defendant Matteo Patisso (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property in Huntington. The plaintiff purportedly served the defendant by substituted service pursuant to CPLR 308(2), by delivering the summons, complaint, and other required papers to a person of suitable age and discretion at the property address on January 28, 2016, and by mailing the summons, complaint, and other required papers to the property address by first-class mail on February 4, 2016.
The defendant did not answer the complaint or appear in the action. On April 25, 2017, the Supreme Court granted a default judgment against the defendant and issued an order of reference.
In November 2017, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate his default. By order dated May 22, 2018, the Supreme Court denied the defendant's motion, finding that the defendant's affidavit in support of the motion "wholly fail[ed]" [*2]to rebut the presumption of proper service of the summons and complaint upon him.
In June 2018, the defendant moved for leave to reargue his prior motion, inter alia, to vacate his default. In July 2018, the plaintiff moved, among other things, for a judgment of foreclosure and sale and to confirm the referee's report. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. By order dated January 7, 2019, the Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale and denied the defendant's motion for leave to reargue and his cross motion. On January 28, 2019, the court entered an order and judgment of foreclosure and sale. The defendant appeals.
CPLR 308(2) provides, in relevant part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business."
A process server's sworn affidavit of service attesting to the proper delivery of the summons and complaint constitutes prima facie evidence of service in the manner described, and therefore, gives rise to a presumption of proper service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption of proper service raised by the process server's affidavit of service (see Nationstar Mtge., LLC v Cohen, 185 AD3d at 1040; HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "A sworn denial of receipt of service containing detailed and specific contradiction of the allegations in the process server's affidavit may defeat the presumption of proper service" (Nationstar Mtge., LLC v Cohen, 185 AD3d at 1040 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Whitter, 159 AD3d at 945).
The Supreme Court correctly determined that the defendant's affidavit and documents were insufficient to rebut the presumption of proper service raised by the process server's affidavit of service. In his affidavit, the defendant failed to specifically contradict the allegations in the process server's affidavit, instead providing information relating to 2018 rather than to the date of service. Accordingly, we affirm the judgment of foreclosure and sale.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court