Bank of N.Y. Mellon v Ziangos (2021 NY Slip Op 03017)





Bank of N.Y. Mellon v Ziangos


2021 NY Slip Op 03017


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-02515
 (Index No. 612769/16)

[*1]Bank of New York Mellon, etc., respondent,
v
Christos Ziangos, etc., et al., defendants, Jeanette Ziangos, appellant.


Christopher Thompson & Associates, P.C., West Islip, NY (Shannon Cody McKinley of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jeanette Ziangos appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 21, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated November 6, 2017, and an order of reference of the same court dated April 20, 2017, entered upon her failure to appear or answer the complaint, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order dated December 21, 2017, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the validity of service of process upon the defendant Jeanette Ziangos, and for a new determination thereafter of those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and the order of reference, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In 2016, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Jeanette Ziangos (hereinafter the defendant). The defendant failed to answer the complaint or otherwise appear in the action. In an order dated April 20, 2017, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference. Thereafter, the court issued a judgment of foreclosure and sale dated November 6, 2017, inter alia, directing the sale of the subject property.
On December 1, 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and the order of reference, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The Supreme Court, inter alia, denied those branches of the motion without a hearing, and the defendant appeals.
CPLR 5015(a)(4) provides for vacatur of a judgment or order upon the ground of "lack of jurisdiction to render the judgment or order." Where service of process is made upon a natural person pursuant to CPLR 308(2), personal jurisdiction is not acquired unless both the delivery and mailing requirements of that statute have been strictly complied with (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762-763; Aurora Loan Servs., LLC v Revivo, 175 AD3d 622, 623; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174).
Ordinarily, "[a] process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185). "'Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 769, quoting U.S. Bank, N.A. v Trauber, 140 AD3d 1154, 1155).
Here, the process server's affidavit indicated that he served the defendant pursuant to CPLR 308(2), by delivery of the summons and complaint on a particular date and time to a named "co-occupant" at the defendant's actual place of residence, followed by the required mailing to the defendant at the same residence. The affidavit stated that the named "co-occupant" was "a person of suitable age and discretion." This constituted prima facie evidence of proper service and, as such, gave rise to a presumption of proper service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040).
However, the defendant's sworn denial of service and the specific facts in her affidavit, which contradicted the process server's affidavit attesting to proper delivery of the summons and complaint at the defendant's dwelling place (see CPLR 308[2]), warranted a hearing to determine whether the element of delivery pursuant to CPLR 308(2) was satisfied (see Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344). Contrary to the plaintiff's contention, the defendant's admission that a copy of the summons and complaint was found at the property on a different day from the date of service did not defeat the defendant's challenge to the court's jurisdiction. "Even if a defendant eventually acquires actual notice of the lawsuit, actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service" (id. at 344). Furthermore, contrary to the Supreme Court's conclusion, since strict compliance with both delivery and mailing requirements was required, the defendant's failure to deny that she received service by mail was, by itself, similarly insufficient to defeat the jurisdictional objection.
Accordingly, a hearing is required to resolve those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and the order of reference, and pursuant to CPLR 3211(a)(8) dismiss the complaint insofar as asserted against her.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court