JPMorgan Chase Bank, N.A. v Perkin (2021 NY Slip Op 04600)





JPMorgan Chase Bank, N.A. v Perkin


2021 NY Slip Op 04600


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-06445
 (Index No. 8053/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Isaac Perkin, etc., appellant, et al., defendants.
 


McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.
IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Isaac Perkin appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 10, 2019. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated March 27, 2017, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, to compel the plaintiff to accept a late answer.
ORDERED that the order is affirmed, with costs.
After commencing this foreclosure action against the defendant Isaac Perkin (hereinafter the defendant), among others, the plaintiff attempted to serve the defendant at the subject property. However, when a process server arrived at the property, he found the house boarded up and vacant. The process serving agency succeeded in locating another possible address for the defendant, but upon visiting that location, a neighbor informed that process server that the defendant did not live there. The process serving agency continued to investigate possible addresses for the defendant, but did not find any physical addresses for him. The plaintiff moved, inter alia, for an order authorizing service by publication and for the appointment of a guardian ad litem to accept service on the defendant's behalf. In an order entered May 26, 2015, the Supreme Court granted the motion and, in accordance with the order and CPLR 316, the plaintiff served the defendant by publication in the designated local newspapers. The guardian ad litem answered on the defendant's behalf and raised no objection to the entry of a judgment of foreclosure and sale. The court issued a judgment of foreclosure and sale dated March 27, 2017, and a sale of the property was scheduled.
Five days before the foreclosure sale was to take place, the defendant moved by emergency order to show cause, among other things, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, to compel the plaintiff to accept a late answer. The defendant argued, inter alia, that the Supreme Court lacked personal jurisdiction over him because he had not been properly served. In an order entered April 10, 2019, the court denied the defendant's motion. The defendant appeals.
A court may permit service by publication, upon motion without notice, if traditional [*2]service is "impracticable" (CPLR 308[5]; see CPLR 316). "The impracticability standard does not require the applicant to satisfy the more stringent standard of due diligence under CPLR 308(4) nor make an actual showing that service has been attempted pursuant to CPLR 308(1), (2), and (4)" (Contimortgage Corp. v Isler, 48 AD3d 732, 734 [internal quotation marks omitted]). "Whether service is impracticable depends on the facts and circumstances surrounding each case" (Wells Fargo Bank, NA v Patel, 175 AD3d 1350, 1351 [internal quotation marks omitted]).
CPLR 5015(a)(4) provides, in part, that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order." "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (U.S. Bank, Custodian for Tower DPW v Kruse, 174 AD3d 765, 767 [internal quotation marks omitted]). The affidavit of a process server constitutes a prima facie showing of proper service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040). "A sworn denial of receipt of service containing detailed and specific contradiction of the allegations in the process server's affidavit may defeat the presumption of proper service" (id. at 1040 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "[B]are and unsubstantiated denials are insufficient to rebut the presumption of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988 [internal quotation marks omitted]).
Here, the Supreme Court properly permitted the plaintiff to serve the defendant by publication, as it was impracticable to serve him by traditional methods. The defendant failed to rebut the presumption of proper service in his affidavit and failed to assert a reasonable excuse for his default or a meritorious defense. Accordingly, we affirm the order.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court