M&T Bank v Mbah (2021 NY Slip Op 06840)





M&T Bank v Mbah


2021 NY Slip Op 06840


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-11905
 (Index No. 4578/08)

[*1]M & T Bank, etc., respondent, 
v
Clement Mbah, et al., defendants, Uchenna Onuaguluchi, appellant.


Uchenna Onuaguluchi, Rosedale, NY, appellant pro se.
Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham, NY (Richard A. Gerbino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Uchenna Onuaguluchi appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 27, 2018. The order, insofar as appealed from, denied those branches of that defendant's cross motion which were pursuant to CPLR 5015(a) to vacate an order of the same court (David B. Vaughan, J.) dated March 25, 2009, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and an order and judgment of foreclosure and sale (one paper) of the same court (Mark I. Partnow, J.) dated March 20, 2017.
ORDERED that the order dated June 27, 2018, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the validity of service of process upon the defendant Uchenna Onuaguluchi and for a new determination thereafter of those branches of that defendant's cross motion which were pursuant to CPLR 5015(a) to vacate the order dated March 25, 2009, and the order and judgment of foreclosure and sale.
In 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Uchenna Onuaguluchi (hereinafter the defendant). The defendant failed to answer the complaint or appear in the action. In an order dated March 25, 2009, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference. In an order and judgment of foreclosure and sale dated March 20, 2017, the court granted the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant subsequently cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated March 25, 2009, and the order and judgment of foreclosure and sale. The court denied those branches of the defendant's cross motion without a hearing, and the defendant appeals.
CPLR 5015(a)(4) provides for vacatur of a judgment or order upon the ground of "lack of jurisdiction to render the judgment or order." "Where service of process is made upon a natural person pursuant to CPLR 308(2), personal jurisdiction is not acquired unless both the delivery and mailing requirements of that statute have been strictly complied with" (Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779; see Christiana Trust v Mauro, 191 AD3d 756, 757-758).
"Ordinarily, '[a] process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service'" (Bank of N.Y. Mellon v Ziangos, 194 AD3d at 779, quoting Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997). While "a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing," "bare and unsubstantiated denials are insufficient" (Bank of N.Y. Mellon v Ziangos, 194 AD3d at 779 [internal quotation marks omitted]).
Here, the process server's affidavit indicated that he served the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint on a particular date and time to a named "cousin" of the defendant who answered in the affirmative the question of whether that location was the defendant's "dwelling house," followed by the required mailing to the defendant at the same residence. The process server averred that the cousin was "a person of suitable age and discretion." This constituted prima facie evidence of proper service and, as such, gave rise to a presumption of proper service (see Bank of N.Y. Mellon v Ziangos, 194 AD3d at 779). However, the defendant's sworn denial of service and the specific facts in her affidavit, coupled with the documentary evidence annexed thereto, warranted a hearing to determine whether delivery pursuant to CPLR 308(2) was satisfied (see Christiana Trust v Mauro, 191 AD3d at 758; Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1387).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendant was properly served with process and for a new determination thereafter of those branches of the defendant's cross motion which were pursuant to CPLR 5015(a) to vacate the order dated March 25, 2009, and the order and judgment of foreclosure and sale.
The parties' remaining contentions are without merit.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court