Federal Natl. Mtge. Assn. v Britt (2022 NY Slip Op 02979)

Federal Natl. Mtge. Assn. v Britt

2022 NY Slip Op 02979

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-11085
 (Index No. 601255/18)

[*1]Federal National Mortgage Association, etc., respondent,
v
Gwendolyn S. Britt, etc., et al., defendants, Robert C. Mallia, appellant.

Harvey Sorid P.C., Uniondale, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert C. Mallia appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 29, 2019. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered May 14, 2019, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon him.
ORDERED that the order is affirmed, with costs.
On January 29, 2018, the plaintiff commenced this action against the defendant Robert C. Mallia (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Merrick. The defendant failed to appear or answer the complaint.
On October 17, 2018, upon the plaintiff's motion, the Supreme Court entered an ex parte order of reference upon, inter alia, the defendant's default. By order and judgment of foreclosure and sale entered May 14, 2019, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant did not appeal from the order and judgment of foreclosure and sale.
In the interim, on May 10, 2019, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon him. In the order appealed from, entered August 29, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
The affidavit of a process server constitutes prima facie evidence of proper service (see Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process [*2]server's affidavit of service" (id. at 1040; see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "A sworn denial of receipt of service containing [a] detailed and specific contradiction of the allegations in the process server's affidavit may defeat the presumption of proper service" (Nationstar Mtge., LLC v Cohen, 185 AD3d at 1040 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Whitter, 159 AD3d at 945). "[B]are and unsubstantiated denials are insufficient to rebut the presumption of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988).
Here, the defendant's unsubstantiated denials of receipt of service were insufficient to rebut the presumption of proper service because the defendant failed to specifically contradict the allegations in the process server's affidavit (see HSBC Bank USA, N.A. v Whitter, 159 AD3d at 945). Therefore, the Supreme Court properly denied the defendant's motion without conducting a hearing (see id.).
Accordingly, we affirm the order.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court