U.S. Bank N.A. v Rauff (2022 NY Slip Op 03269)





U.S. Bank N.A. v Rauff


2022 NY Slip Op 03269


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-02384
2019-02385
2019-02386
 (Index No. 11723/14)

[*1]U.S. Bank National Association, etc., respondent, 
v
Denise Rauff, et al., appellants, et al., defendants.


Wurzel Law Group, PLLC, Floral Park, NY (Glenn J. Wurzel of counsel), for appellants.
Woods Oviatt Gilman, LLP, Rochester, NY (Richard S. Mullen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Denise Rauff and Richard Rauff appeal from (1) an order of reference of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 24, 2016, (2) an order of the same court entered June 28, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court, also entered June 28, 2017. The order of reference, insofar as appealed from, granted the plaintiff's motion to appoint a referee to ascertain and compute the amount due on the loan, in effect, for leave to enter a default judgment against the defendant Denise Rauff, and to add Richard Rauff as a party defendant in place of "John Doe." The order granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale, and denied the cross motion of the defendant Denise Rauff pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and to cancel a notice of pendency filed against the subject property, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate the order of reference, and pursuant to CPLR 3012(d) for leave to interpose a late answer. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the order of reference and the order are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeal by the defendant Richard Rauff from so much of the order as denied the cross motion of the defendant Denise Rauff pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and to cancel a notice of pendency filed against the subject property, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) and [*2](4) to vacate the order of reference, and pursuant to CPLR 3012(d) for leave to interpose a late answer must be dismissed because the defendant Richard Rauff is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). The appeals from the order of reference and the order must otherwise be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order of reference and the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Denise Rauff (hereinafter Denise) and "John Doe." On August 24, 2016, after Denise failed to appear or answer the complaint, the Supreme Court entered an order, inter alia, granting the plaintiff's motion to appoint a referee to ascertain and compute the amount due on the loan, in effect, for leave to enter a default judgment against Denise, and to add Richard Rauff (hereinafter Richard) as a party defendant in place of "John Doe." Subsequently, the plaintiff moved for leave to enter a judgment of foreclosure and sale. Denise cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and to cancel a notice of pendency filed against the subject property, or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate the order of reference, and pursuant to CPLR 3012(d) for leave to interpose a late answer. In an order entered June 28, 2017, the court granted the plaintiff's motion and denied Denise's cross motion. An order and judgment of foreclosure and sale was entered on June 28, 2017. Denise and Richard appeal.
The Supreme Court properly denied those branches of Denise's cross motion which were pursuant to CPLR 3211(a)(8) and, in effect, CPLR 5015(a)(4). "A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; see Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 771). "To be entitled to vacatur of a default judgment and dismissal of a complaint under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Machovec v Svoboda, 120 AD3d 772, 773; see HMC Assets, LLC v Dhanani, 173 AD3d 700, 701). "Bare and unsubstantiated denials are insufficient to rebut the presumption of service" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663 [internal quotation marks omitted]; see Berganza v Pecora, 192 AD3d 743, 744).
Here, the process server's affidavit of service, in which he averred that he served Denise by delivering a copy of the summons and complaint to Richard at their residence and mailing a copy of the summons and complaint to Denise at their residence, constituted prima facie evidence of valid service pursuant to CPLR 308(2) (see M & T Bank v Mbah, 200 AD3d 767, 768; US Bank, N.A. v Schumacher, 172 AD3d 1137, 1138). The affidavits submitted by Denise failed to rebut the presumption of proper service. Denise and Richard's assertion that Richard was not home at the time service was effected was unsubstantiated (see HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1041). Moreover, Denise's conclusory assertion that she did not receive the copy of the papers that were mailed to her was inadequate to overcome the inference of proper mailing that arose from the affidavit (see Washington Mut. Bank v Huggins, 140 AD3d 858, 859). Further, the discrepancies alleged by Denise and Richard between Richard's appearance and the description of the person served contained in the process server's affidavit were either too minor or insufficiently substantiated to warrant a hearing (see Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648; US Bank N.A. v Cherubin, 141 AD3d 516, 516; Crossland Mtge. Corp. v Roberts, 35 AD3d 788, 788).
The Supreme Court also properly denied those branches of Denise's cross motion which were pursuant to CPLR 3012(d) and, in effect, pursuant to CPLR 5015(a)(1). "A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698, 699; see JE & MB Homes, LLC v U.S. Bank N.A., 189 AD3d 1195, 1196). Here, Denise failed to demonstrate a reasonable excuse because the only excuse she [*3]proffered was lack of personal jurisdiction. Accordingly, she failed to demonstrate her entitlement to vacatur of the order of reference entered upon her default. Moreover, since Denise failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she sufficiently demonstrated the existence of a potentially meritorious defense, including standing or failure to comply with RPAPL 1304 (see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027; US Bank N.A. v Dedomenico, 162 AD3d 962, 964).
Denise and Richard's remaining contentions are improperly raised for the first time on appeal.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court